BUCHALTER
A Professional Corporation
BRANDON Q. TRAN (SBN: 223435)
18400 Von Karman Avenue, Suite 800
Tel: (949) 760-1121
Email: btran@buchalter.com

Attorneys for Defendant
RANG DONG JOINT STOCK COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RANG DONG JOINT STOCK COMPANY, a California Corporation, dba RD Winery;<br><br>　　　　Defendants. | CASE NO. 3:22-cv-00065-VC<br><br>**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[Filed concurrently with Declaration of Brandon Q. Tran and Request for Judicial Notice]<br><br>Date:　　　Thursday, March 24, 2022<br>Time:　　　10:00 a.m.<br>Judge:　　　Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on March 24, 2022, at 10:00 a.m., or as soon thereafter as the Court's schedule permits, before the Honorable Vince Chhabria, in Courtroom 4, 17th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Rang Dong Joint Stock Company ("Defendant") will and hereby does move this Court for an Order dismissing Plaintiff Andres Gomez's ("Plaintiff") Complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's Motion is based on the grounds that the Complaint fails to state a disability discrimination claim because: (1) Plaintiff does not allege that the alleged inaccessibility of the website interfered with his ability to use Defendant's goods and services offered at its physical location and thus, there is no injury in fact; (2) Plaintiff does not allege a sufficient nexus between Defendant's website and its physical place of accommodation; and (3) Plaintiff fails to allege that he was deterred from visiting Defendant's physical location.

Prior to filing this motion, the parties met and conferred concerning the hearing date and also the substance of the Motion. The parties were unable to come to an agreement concerning Defendant's position.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Complaint, any reply memorandum, the pleadings and files in this action, and such other matters as may be presented before the hearing.

DATED: February 14, 2022

BUCHALTER
A Professional Corporation


By: /s/ *Brandon Q. Tran*
    BRANDON Q. TRAN
    Attorneys for Defendants
    RANG DONG JOINT STOCK COMPANY

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | THE COMPLAINT'S ALLEGATIONS | | 2 |
| III. | APPLICABLE LEGAL STANDARD | | 3 |
| | A. | Rule 12(b)(1) Standard | 3 |
| | B. | Rule 12(b)(6) Standard | 4 |
| IV. | PLAINTIFF LACKS STANDING OR FAILS TO STATE A CAUSE OF ACTION UNDER THE ADA | | 5 |
| | A. | Plaintiff Cannot Show An Injury-In-Fact As To Any Barriers Viewed On Defendants' Website | 5 |
| | B. | Plaintiff Fails To Pled The Requisite Nexus Between Defendant's Website And Its Physical Location | 7 |
| | C. | Plaintiff Fails to Allege Facts Showing He Is Deterred From Returning to Defendant's Winery | 9 |
| V. | PLAINTIFF'S UNRUH ACT CLAIM MUST ALSO BE DISMISSED | | 10 |
| VI. | CONCLUSION | | 11 |

i

**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)**

BN 49521716v1

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Angelucci v. Century Supper Club*,
  41 Cal.4th 160 (2007) .................................................................................................. 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................... 4

*Brooks v. See's Candies, Inc.*,
  2:20-cv-01236-MCE-DB, 2021 WL 3602153 (E.D.Cal. August 13, 2021) ............................ 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ......................................................................................... 5

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*),
  867 F.3d 1093 (9th Cir. 2017) ....................................................................................... 9

*D'Lil v. Best W. Encina Lodge & Suites*,
  538 F.3d 1031 (9th Cir. 2008) ..................................................................................... 10

*Erickson v. Pardus*,
  551 U.S. 89 (2007) (per curiam) ................................................................................... 4

*Estavillo v. Blizzard Entm't, Inc.*,
  No. 5:19-CV-05540-EJD, 2019 WL 6612061 (N.D. Cal. Dec. 5, 2019) .............................. 2

*Gil v. Winn Dixie Stores, Inc.*,
  242 F. Supp. 3d 1315 (S.D. Fla. 2017) .......................................................................... 8

*Gomez v. Bang & Olufsen Am., Inc.*,
  No. 1:16-CV-23801, 2017 WL 1957182 (S.D. Fla. Feb. 2, 2017) ................................. 1, 7

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ...................................................................................................... 5

*Namisnak v. Uber Techs., Inc.*,
  No. 17-CV-06124-RS, 2018 WL 7200717 ..................................................................... 7

*Nat'l Fed'n of the Blind v. Target Corp.*,
  452 F. Supp. 2d 946 (N.D. Cal. 2006) ....................................................................... 7, 8

ii

**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)**

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 49521716v1

*Ouellette v. Viacom*,
   No. CV 10-133-M-DWM-JCL, 2011 WL 1882780 (D. Mont. Mar. 31, 2011) ...................... 8

*Pickern v. Holiday Quality Foods Inc.*,
   293 F.3d 1133 (9th Cir. 2002) ................................................................................ 10

*Reycraft v. Lee*,
   177 Cal. App.4th 1211 (2009) ................................................................................ 11

*Robles v. Domino's Pizza, LLC*,
   913 F.3d 898 (9th Cir. 2019) ........................................................................ 1, 2, 6, 9

*Rodriguez v. Barrita, Inc.*,
   10 F. Supp. 3d 1062 (N.D. Cal. 2014) ..................................................................... 11

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) .................................................................................. 4

*Sanford v. MemberWorks, Inc.*,
   625 F.3d 550 (9th Cir. 2010) .................................................................................. 10

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) .................................................................................. 5

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .................................................................................. 4

*Strojnik v. Hotel Circle*,
   2019 U.S. Dist. LEXIS 202591 ................................................................................ 11

*Strojnik v. Orangewood LLC*,
   No. 8:19-cv-00496-DSF-(JCx), Dkt. 34 (C.D. Cal. Oct. 21, 2019) ........................................ 6

*Strojnik v. Orangewood LLC*,
   No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020) ................................................................................................................. 6

*Surrey v. TrueBeginnings, LLC*,
   168 Cal.App.4th 414 (2008) ................................................................................... 12

*Urhausen v. Long Drug Stores Cal., Inc.*,
   155 Cal. App. 4th 254 (2007) .................................................................................. 11

*Vogel v. Sym Props., LLC*,
   No. CV 15-098550AB, 2017 U.S. Dist. LEXIS 214360 (C.D. Cal. Aug. 4, 2017) ................................................................................................................... 5

**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)**

BN 49521716v1

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

*Weyer v. Twentieth Century Fox Film Corp.*,
 198 F.3d 1104 (9th Cir. 2000) ............................................................................. 7

*White v. Lee*,
 227 F.3d 1214 (9th Cir. 2000) ............................................................................. 4

**Statutes**

42 U.S.C. § 12182(a) ........................................................................................ 2, 7

ADA Title III .................................................................................................. 5, 7, 8

**Other Authorities**

Fed. R. Civ. P. 15(a) ............................................................................................. 4

Rule 12(b)(1) .................................................................................................... 3, 4

Rule 12(b)(6) ........................................................................................................ 4
*Weyer v. Twentieth Century Fox Film Corp.*,
 198 F.3d 1104 (9th Cir. 2000) ............................................................................. 7

*White v. Lee*,
 227 F.3d 1214 (9th Cir. 2000) ............................................................................. 4

**Statutes**

42 U.S.C. § 12182(a) ........................................................................................ 2, 7

ADA Title III .................................................................................................. 5, 7, 8

**Other Authorities**

Fed. R. Civ. P. 15(a) ............................................................................................. 4

Rule 12(b)(1) .................................................................................................... 3, 4

Rule 12(b)(6) ........................................................................................................ 4

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

# I. INTRODUCTION

Defendant Rang Dong Joint Stock Company ("Defendant") is a winery located in Napa, California. The principal allegation in Plaintiff Andres Gomez's ("Plaintiff") Complaint is that Defendant's website violates the American with Disabilities Act (the "ADA") because of certain access barriers that allegedly make it more difficult for the visually impaired user to navigate the website using a screen reader software.

Plaintiff's ADA claim fails as a matter of law for three reasons:

*First*, Plaintiff fails to plausibly plead that he was in fact discriminated against in his use or enjoyment of the place of public accommodation as a result of the website's design. A company's website can only violate the ADA if and when it "impedes access to the goods and services of its physical" stores. *Robles*, 913 F.3d at 905. The Complaint is devoid of any particularized, non-conclusory allegations about how Defendant's allegedly inaccessible website affected Plaintiff's use or enjoyment of Defendant's physical location. Instead, Plaintiff makes conclusory allegations that the alleged barriers "rendered the ostensibly 'accessible' elements inaccessible as a result of difficulty and confusion navigating the numerous inaccessible elements" (Complaint, ¶ 19) and that "Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants [sic] as a result of the accessibility barriers on the Website." Complaint, ¶ 21. Besides being conclusory, Plaintiff nowhere pleads that the website references a physical location and that such information cannot be accessed by a visually impaired individual who uses a screen reader software.

Instead, Plaintiff's principal complaint is that the alleged access barriers on Defendant's website "deterred [Plaintiff] from returning to the Website as a result of these prior experiences." Complaint, ¶ 24. The "grievance … that [a] Defendant's website does not provide a blind person with the same online-shopping experience as non-disabled persons" is not redressable under the ADA. *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-CV-23801, 2017 WL 1957182, at *4 (S.D. Fla. Feb. 2, 2017). To be clear, Defendant is committed to serving people of all abilities, and has invests substantial resources to ensure that its website can be accessed by visually impaired users, whether or not required by the ADA. Thus, given all the form complaints that Plaintiff and his lawyers have filed in this state, it appears that Plaintiff did not check that Defendant's website has an Accessibility Menu which specifically offers a

screen reader option, as well as other options for the visually impair. *See,* Declaration of Brandon Q. Tran, ¶¶ 2-3 and Exhibits "A" and "B"; *see also* Request for Judicial Notice, Exhibits "A" and "B." Consequently, Plaintiff's allegations are contradicted by these judicially noticeable facts.

*Second*, Plaintiff fails to plead that he was discriminated against in his use or enjoyment of a place of public accommodation because he does not plead any facts establishing a sufficient nexus between Defendant's and Defendant's brick-and-mortar location in California. *See* 42 U.S.C. § 12182(a). Courts in the Ninth Circuit have uniformly held that websites *themselves* are not places of public accommodation. Rather, an allegedly inaccessible commercial website can only give rise to liability under the ADA when the website has such a close nexus with a *physical* place of public accommodation—typically, the defendant's retail stores—that the website obstructs disabled customers' full use or enjoyment of the physical place. *See, e.g.*, *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (pizza company's website gave rise to ADA claim because it "facilitate[d] access to the goods and services of a place of public accommodation … physical restaurants"). Here, because Plaintiff does not allege that Defendant's website is "heavily integrated with physical store locations" or that it "operates as a gateway to the physical store locations." As a result, Plaintiff fails to state a claim under the ADA. *Estavillo v. Blizzard Entm't, Inc.*, No. 5:19-CV-05540-EJD, 2019 WL 6612061, at *3 (N.D. Cal. Dec. 5, 2019).

Third, Plaintiff further lacks standing to bring his ADA claim because Plaintiff failed to allege that he was deterred from visiting Defendant's physical location due to the alleged accessibility issues. Plaintiff's sole allegation concerning deterrence is a conclusory claim that he was deterred, and specifically deterred to visit the website. Therefore, Plaintiff has failed to establish that he suffered an injury-in-fact to assert a claim under the ADA.

For these reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

## II. THE COMPLAINT'S ALLEGATIONS

Plaintiff Andres Gomez is a serial ADA litigant who alleges that he is "legally blind person." Complaint, ¶ 10. Plaintiff alleges that he cannot use an electronic device without the assistance of screen reader software. *Id*. at ¶ 11. Defendant is a winery that offers goods and services out of physical location in California. *Id*. at ¶ 12. Plaintiff alleges that the website is a

nexus between Defendant's customers and the good and services it offers at its physical location. *Id*. at ¶ 13.

Plaintiff contends he was a prospective customer, who was interested in getting information concerning Defendant's wines and tasting tours. *Id*. at ¶¶ 16 and 17. Without providing any details or the nexus as to how the alleged inaccessibly prevented him from accessing Defendant's physical location, Plaintiff alleges that certain images were not accessible, elements that was not readable by screen reader, and low contrast. *Id*. at ¶ 18. Plaintiff then alleges that these inaccessible elements caused him difficulty and confusion in navigating the elements. *Id*. at ¶ 19. As a result of the alleged inaccessibility of the website, Plaintiff contends that he has been deterred from returning to the website. *Id*. at ¶ 24.

There is no allegation in the Complaint as to how the alleged access barriers prevented Plaintiff from visiting Defendant's location. Nowhere in the Complaint does Plaintiff allege how the location and hours of operation information was inaccessible to his screen reader software, especially given that website has an accessibility menu and the information is written in plain text. *See,* Declaration of Brandon Q. Tran, ¶¶ 2-3 and Exhibits "A" and "B"; *see also* Request for Judicial Notice, Exhibits "A" and "B." Significantly, no concrete or particularized details are provided as to when Plaintiff intended to visit a Defendant's location, what he intended to buy, how specifically he was deterred from doing so by the alleged inaccessibility of the website, or which winery he visited instead due to the inaccessibility of Defendant's website.

In sum, the Complaint is long on generic form allegations that formulaically recite to the elements for an ADA claim, but it does not make any specific allegations that the features of the website actually prevented Plaintiff from locating and visiting Defendant's location.

### III. APPLICABLE LEGAL STANDARD

#### A. Rule 12(b)(1) Standard

Rule 12(b)(1) empowers the court to dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may bring a Rule 12(b)(1) motion to dismiss based on lack of standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 49521716v1

**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)**

1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id*. A factual jurisdictional challenge occurs when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute, "the court need not presume the truthfulness of the plaintiff's allegations" and may review evidence beyond the complaint. *Id*.

### B. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a complaint or any portion thereof may be dismissed when it is apparent from the face of the pleadings that the plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively…and factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. PLAINTIFF LACKS STANDING OR FAILS TO STATE A CAUSE OF ACTION UNDER THE ADA

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports (U.S.) Inc*. ("*Chapman*"), 631 F.3d 939, 946 (9th Cir. 2011). Article III standing requires that Plaintiff sufficiently plead an (1) injury-in-fact, (2) that is causally connected to the Defendant's challenged conduct, and (3) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Id*. at 560. Because injunctive relief is the only remedy available to individuals under Title III of the ADA, Plaintiff must also show that he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946. The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." *Id*. at 944.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Chapman*, 631 F.3d at 954. Courts have found this is especially true in ADA cases. *Vogel v. Sym Props., LLC*, No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360, at *4 (C.D. Cal. Aug. 4, 2017). "Given the 'trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted. *Id*. (quoting *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007) (internal citations and quotes omitted)).

### A. Plaintiff Cannot Show An Injury-In-Fact As To Any Barriers Viewed On Defendants' Website

Plaintiff contends generally that his ability to access Defendant's website was hindered due to images on the website text being unreadable by screen reader, form elements that were not readable by screen reader, and low contrast which prevented differentiation of background and

5
**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)**

foreground elements. Complaint, ¶ 18. "However, there are still no allegations containing 'further factual enhancement' to support these naked assertions." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00496-DSF-(JCx), Dkt. 34 at 7 (C.D. Cal. Oct. 21, 2019) (quoting *Iqbal*, 556 U.S. at 678). As a court in the Central District noted, "[i]t is not enough for Plaintiff to claim in conclusory fashion that the Websites do not have 'enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs.' He must allege what information is missing from the website." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, at *19-20 (C.D. Cal. Jan. 22, 2020). Here, "[b]eyond repetition of the statutory text, [Strojnik] has not alleged any specific information that was missing on the website[s] that would prevent him from being able to stay at the Hotel." *Id*. at *20.

Moreover, the alleged inaccessibility must impede Plaintiff's "access to the goods and services of [Defendant's] physical" location. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). Hence, to survive a motion to dismiss, Plaintiff must offer non-conclusory allegations establishing that he *was in fact* impeded in accessing the goods and services of Defendant's physical store location. *Id*.

Here, the Complaint is completely devoid of factual allegations showing what specific information on Defendant's website was inaccessible that would deny him full and equal access to Defendant's location or its products and services. Moreover, the screenshots of Defendant's website shows that the location, hours of operation, and contact information are written in plain text. Further, the screenshots shows an accessibility menu which offers screen read as a menu option. *See,* Declaration of Brandon Q. Tran, ¶¶ 2-3 and Exhibits "A" and "B"; *see also* Request for Judicial Notice, Exhibits "A" and "B." Thus, it is unclear how any of the "inaccessibility" issues that Plaintiff noted in Paragraph 18 affected his ability to know Defendant's physical location and its hours of operation or to visit and enjoy Defendant's physical location.

One of Plaintiff's prior lawsuits was dismissed on this very ground that he failed to show any injury in fact. In *Gomez v. Bang & Olufsen America, Inc.*, 2017 WL 1957182 (S.D. Fl. Feb. 2, 2017), the court granted a motion to dismiss and held:

**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)**

BN 49521716v1

> Plaintiff's grievance seems to be that Defendant's website does not provide a blind person with the same online-shopping experience as non-disabled persons. However, the ADA does not require places of public accommodations to create full-service websites for disabled persons. In fact, the ADA does not require a place of public accommodation to have a website at all. All the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar store. To survive a motion to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location.

*Id*. at *4. With this lawsuit, Plaintiff has gone down a similar path of simply alleging grievances he has with the website but fails to allege and explain how that prevented him from using Defendant's physical location.

### B. Plaintiff Fails To Pled The Requisite Nexus Between Defendant's Website And Its Physical Location

Even if Plaintiff alleged a specific aspect of Defendant's website that is inaccessible by the visually impaired, Plaintiff's claim should still be dismissed if he does not allege a nexus between the specific inaccessible element and Defendant's physical location. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The term "place of public accommodation" requires "some connection between the good or service complained of and an *actual physical place*." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (emphasis added).

A disability-discrimination claim based on the accessibility of a website will survive a motion to dismiss only if the complaint establishes a "nexus" between the website and the physical premises of a public accommodation. *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 952 (N.D. Cal. 2006); *see also Namisnak v. Uber Techs., Inc.*, No. 17-CV-06124-RS, 2018 WL 7200717, at *4 (N.D. Cal. Oct. 3, 2018) (ADA applies only "where there is nexus between the service at issue and the physical place of public accommodation"). To sufficiently allege a nexus between an allegedly inaccessible website and a concrete public accommodation, a company's website must be "heavily integrated with" and "operate[] … as a gateway to" its physical store locations. *Target Corp.*, 452 F. Supp. 2d at 955.

Plaintiff's Complaint fails to establish the requisite nexus between Defendant's website and Plaintiff's "access to a specific physical, concrete space." *Ouellette v. Viacom*, No. CV 10-133-M-DWM-JCL, 2011 WL 1882780, at *5 (D. Mont. Mar. 31, 2011). The only factual allegations in Plaintiff's complaint about the relationship between the website and Defendant's physical location appears in Paragraph 13 where Plaintiff concludes that "The Website is a nexus between Range Dong Joint Stock Company's customers, and the terrestrial based privileges, goods or services offered by Rang Dong Joint Stock Company."

This allegation falls far short of establishing that the website operates as a "gateway" to Defendant's physical location. *Target Corp.*, 452 F. Supp. 2d at 955. In *Target Corp.*, the plaintiff alleged that Target.com allowed customers to take a variety of actions related to in-store products and services—for example, customers could "refill a prescription," "order photo prints for pick-up at a store," and "print coupons to redeem at a store." *Id.* at 949. For that reason, the court concluded that "many of the benefits and privileges of the website *are services of the Target stores*," and therefore that there was a sufficient nexus between the "heavily integrated" website and brick-and-mortar stores to support an ADA Title III claim. *Id.* at 954–55 (emphasis added); *see also Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1321 (S.D. Fla. 2017) (finding a sufficient nexus where plaintiff alleged that the website of the supermarket chain Winn Dixie allowed customers to fill or refill medical prescriptions for pick-up at in-store pharmacies).

In *Target Corp.* and *Winn Dixie*, the inaccessibility of the websites to vision-impaired users "prevented the plaintiffs from accessing a privilege" that the brick-and-mortar stores afforded to nondisabled customers—*e.g.*, the ability to do in-store pick-up of medicines ordered online. *Winn Dixie*, 242 F. Supp. 3d at 1320; *see also Target Corp.*, 452 F. Supp. 2d at 955. By contrast, Plaintiff does not allege that Defendant's website gives online users superior access to goods or services in Defendant's location in any respect. For example, there is no allegation that on-line users can order their wines for pick up at the physical location, that this was an option Plaintiff wanted to utilized, and the website's inaccessibility prevented him from utilizing such an option.

The Ninth Circuit's opinion in *Robles, supra*, offers an instructive comparison. That case involved an ADA claim against Domino's Pizza's website and app, which both allowed customers

**DEFENDANT RANG DONG JOINT STOCK COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)**

BN 49521716v1

to order pizzas and other foods from brick-and-mortar Domino's locations for at-home delivery or in-store pickup. *Id.* at 902. On multiple occasions, the plaintiff unsuccessfully attempted to order online a customized pizza from a nearby Domino's, but allegedly could not because of the incompatibility of the app and website with screen-reader software. *Id.* The Ninth Circuit concluded that the plaintiff had met the burden of establishing a sufficient nexus between Domino's website and app and its physical restaurants because the website and app allowed customers to *order pizzas directly from the stores*. *Id.* at 905 ("Domino's website and app … are two of the primary (and heavily advertised) means of ordering Domino's products to be picked up at or delivered from Domino's restaurants."). Here, by contrast, Plaintiff does not plead any facts suggesting that Defendant's website similarly "facilitate[s] access to the goods and services of a place of public accommodation." *Id.* Instead, Plaintiff alleges only that the website is a "nexus" between its customers and its "terrestrial based privileges, goods or services…" Complaint, ¶ 13; *see also, Brooks v. See's Candies, Inc.*, 2:20-cv-01236-MCE-DB, 2021 WL 3602153, * 3 (E.D.Cal. August 13, 2021) (granting motion to dismiss where plaintiff failed to identify nexus between the website and their physical stores other than the store location option).

### C. Plaintiff Fails to Allege Facts Showing He Is Deterred From Returning to Defendant's Winery

To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" and that a defendant's failure to comply with the ADA deters him or her from making use of the defendant's facility." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*), 867 F.3d 1093, 1098 (9th Cir. 2017).

Here, there is no allegation that Plaintiff intended to visit Defendant's winery and was deterred. Instead, Plaintiff simply concludes in his form complaint that he was "deterred from returning to the Website as a result of these prior experiences." Complaint, ¶ 24. No detail is provided as to who the specific aspects of the website that relates to Plaintiff's ability to access Defendant's goods and services at its physical location deterred him from visiting the physical location. Additionally, no details are provided as to how often Plaintiff visits wineries in the Napa area or other wineries he has visited in the area.

Further, in determining whether a plaintiff has alleged an intent to return to the geographic area, the Ninth Circuit has considered "the regularity with which [the plaintiff] visited the city." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (plaintiff had visited the area "approximately 1-3 times per year" for more than a decade including "before, during, and after her stay" at the defendant's property); *see also Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (plaintiff visits his grandmother who lives in the area almost weekly). Here, Plaintiff does not allege the regularity with which he has visited the Napa area. In addition, the Court should view Plaintiff's allegation regarding his intent to visit the Defendant's physical location with skepticism considering his tester status and extensive litigation history. Complaint, ¶ 27.

For these reasons, Plaintiff cannot show deterrence and therefore, does not have standing to sue under the ADA.

## V. PLAINTIFF'S UNRUH ACT CLAIM MUST ALSO BE DISMISSED

Besides his claim for violation of the ADA, Plaintiff also sues under the California Unruh Civil Rights Act. Plaintiff's state law claim fail for several reasons.

First, because this court has only supplemental jurisdiction regarding these claims, if Plaintiff lacks standing to bring his ADA claim or has failed to state a cause of action for ADA, there is no reason for the Court to retain jurisdiction over Plaintiff's state law claim. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Since the Court has no subject-matter jurisdiction over the first claim under the ADA, the Court should decline to exercise supplemental jurisdiction over any of the remaining state claims at this time. *See, e.g., Strojnik v. Hotel Circle*, 2019 U.S. Dist. LEXIS 202591, at *6 (declining to exercise supplemental jurisdiction over Strojnik's remaining state claims since his ADA claim has failed for lack of standing).

Second, standing to pursue monetary relief under the Unruh Act differs from standing to seek injunctive relief under the ADA. *See Reycraft v. Lee*, 177 Cal. App.4th 1211 (2009); *see also Angelucci v. Century Supper Club*, 41 Cal.4th 160, 175 (2007). These statutes restrict damages

recovery to situations where "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014). Unlike the ADA, these statutes require "something more than mere awareness of or a reasonable belief about the existence of discriminatory condition." *Id.*

For example, a plaintiff cannot recover damages under the Unruh Act unless the violation actually denied him or her equal access to some public facility. *Urhausen v. Long Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations. *Ibid*. As the court held, under that theory:

> Any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3…

*Ibid.*

Here, he cannot allege that he was actually denied access to Defendant's location. In fact, he does not allege he physically visited Defendant's location. Although he alleges that he experienced barriers, he fails to explain how those alleged barriers impaired his ability to access the winery. "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she has been the victim of defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC*, 168 Cal.App.4th 414, 419 (2008). No such allegation is made in the Complaint and thus, this claim fails as a matter of law.

## VI. <u>CONCLUSION</u>

Plaintiff's claim under the ADA fails as a matter of law on three separate grounds, all of which warrant dismissal: (1) Plaintiff does not allege that the alleged inaccessibility of the website interfered with his ability to use Defendant's goods and services offered at its physical location and thus, there is no injury in fact; (2) Plaintiff does not allege a sufficient nexus between Defendant's website and its physical place of accommodation; and (3) Plaintiff fails to allege that he was

deterred from visiting Defendant's physical location. As for Plaintiff's state law claim, that should dismissed given that Plaintiff failed to allege that he was in fact discriminated against at Defendant's location.

DATED: February 14, 2022

BUCHALTER
A Professional Corporation

By: /s/ *Brandon Q. Tran*
    BRANDON Q. TRAN
    Attorneys for Defendants
    RANG DONG JOINT STOCK COMPANY