UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>        Plaintiff,<br><br>       v.<br><br>RANG DONG JOINT STOCK COMPANY,<br><br>        Defendant. | Case No. 22-cv-00065-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

      1. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Within the Ninth Circuit, websites are not considered places of public accommodation; the term has instead been construed as limited to "actual, physical places." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). Still, website-accessibility claims may be cognizable under the ADA where there is a sufficient "nexus" between the website and the physical location. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). But as other courts in this district have recognized, such a nexus only exists where the alleged inaccessibility "'impedes access to the goods and services' of the physical location." *Gomez v. Gates Estates, Inc.*, 2022 WL 458465, at *4 (N.D. Cal. Feb. 15, 2022) (citing *Robles*, 913 F.3d at 905); *see Langer v. Pep Boys Manny Moe & Jack of California*, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021) ("[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim.").

While Gomez alleges that he "encountered numerous accessibility design faults that prevented him from navigating the site successfully" using screen-reader software, he does not explain how the website's alleged shortcomings prevented him from visiting the winery or accessing goods or services provided by the winery. Absent such allegations, Gomez has not plausibly alleged that the defendant has impeded his "full and equal enjoyment" of the "goods [or] services . . . of [a] place of public accommodation." 42 U.S.C. § 12182(a).[1]

2. In addition to his ADA claim, Gomez brings a claim under California's Unruh Act. Cal. Civ. Code § 51. Federal courts may decline to exercise supplemental jurisdiction over a claim "in exceptional circumstances," when there are "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The facts of this case—a frequent filer of ADA and Unruh Act claims seeking federal jurisdiction to circumvent California's procedural barriers to such suits—present the type of exceptional circumstances contemplated by section 1367(c)(4). *See Garcia v. Maciel*, 2022 WL 395316, at *2-5 (N.D. Cal. Feb. 9, 2022); *Arroyo v. Rosas*, 19 F.4th 1202, 1211-14 (9th Cir. 2021). Therefore, the Court declines to exercise supplemental jurisdiction over Gomez's Unruh Act claim.

\* \* \* \*

Gomez's ADA claim is dismissed with leave to amend. His Unruh Act claim is dismissed without leave to amend, but without prejudice to refiling in state court. All deadlines and hearings are vacated, and any amended complaint is due within 14 days of this order. If no amended complaint is filed, the Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: April 27, 2022

VINCE CHHABRIA
United States District Judge

---

[1] The defendant's request for judicial notice is denied because the documents are not necessary for the resolution of this motion.